**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Rosanne Edwards Murphy, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2:05-2641-CWH |
| | ) | |
| versus | ) | |
| | ) | |
| St. Francis Hospital; Dr. Mark Schinkler, | ) | **ORDER** |
| DHEC Environmental Health Naval Base | ) | |
| | ) | |
| Defendants. | ) | |

On September 13, 2005, the plaintiff, a resident of South Carolina, filed a complaint *pro se* against St. Francis Hospital, Dr. Mark Schinkler, and DHEC Environmental Health Naval Base. The plaintiff does not allege the citizenship of any of the parties. St. Francis Hopsital is a private, non-profit healthcare organization, located in Charleston, South Carolina. DHEC is the South Carolina Department of Health and Environmental Control.

On September 27, 2005, Magistrate Judge George C. Kosko filed a report and recommended that this action be dismissed for lack of jurisdiction. On October 27, 2005, the plaintiff filed objections to the report and recommendation.

Although the plaintiff's *pro se* complaint is liberally construed, federal courts are of limited jurisdiction. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is without 28 U.S.C. §1332 diversity jurisdiction because there is not complete diversity of citizenship. Strawbridge v. Curtiss, 7 U.S. 267 (1806); Owen Equip. & Erection Co., v. Koger, 437 U.S. 365, 372-74 (1978).

The South Carolina Department of Health and Environmental Control was the product of a 1973 merger of the State Board of Health and Pollution Control Authority. The Eleventh Amendment divests the federal courts of jurisdiction over suits brought against a state or its integral parts. Fed. Maritime Comm'n v. S.C State Ports Auth. 535 U.S. 743 (2002). Therefore, the South Carolina Department of Health and Environmental Control, as a state agency, is entitled to summary dismissal because of Eleventh Amendment immunity. Under Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 99 n.9 (1984), a state must expressly consent to suit in federal district court. "A state may . . . waive its Eleventh Amendment immunity from being sued in federal court either legislatively . . . or by an explicit waiver in the lawsuit in which it is a named defendant . . . provided that the waiver is authorized by state law." Higgins v. Miss., 217 F.3d 951 (7th Cir. 2000). The state of South Carolina has not consented to suit in a federal court. S.C. Code Ann. §15-78-20(e).

Although medical malpractice is a cause of action under South Carolina state law, the complaint has not raised any federal questions. Pederson v. Gould, 341 S.E.2d 633, 634 (1986). Negligence is not a cause of action under 42 U.S.C. §1983. Daniel v. Williams, 474 U.S. 344, 345-48 (1986). Similarly, mental harassment is not actionable under 42 U.S.C. §1983. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Therefore, this court is without 28 U.S.C. §1331 federal question jurisdiction.

The Court adopts Magistrate Judge Kosko's report and recommendation and dismisses this action without prejudice and without service of process for lack of diversity and subject matter jurisdiction.

**AND IT IS SO ORDERED.**

_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

Charleston, South Carolina
October 31, 2005